**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LIHUIMEI LEI,<br><br>Plaintiff,<br><br>v.<br><br>MVMT LABS, INC.,<br><br>Defendant. | ) | Civil Action No. 25-cv-10123 |

**COMPLAINT TO STAY ARBITRATION AS TO PLAINTIFF AND FOR DECLARATORY RELIEF**

Plaintiff Lihuimei Lei ("Plaintiff" or "Ms. Lei"), by and through her undersigned attorneys, for her Complaint alleges as follows:

1. This action seeks declaratory and injunctive relief to prevent Defendant MVMT Labs, Inc. ("MVMT") from compelling Plaintiff, a non-signatory to MVMT's Advisory Agreement (the "Advisory Agreement") with Metaverse Technology Company FZE ("Metaverse"), to arbitrate claims in a JAMS arbitration seated in New York, JAMS Ref. No. 5425003221 (the "Arbitration").

2. Since January 2025, Metaverse and MVMT have been engaged in the Arbitration pursuant to an arbitration clause in the Advisory Agreement.

3. In November 2025, MVMT sought to transform that two-party dispute into a three-party proceeding by naming Ms. Lei—Metaverse's founder and chief executive officer—as a "third-party respondent" and asserting six individual "third-party claims" against her.

4. Ms. Lei is not a signatory to the Advisory Agreement, never agreed to arbitrate with MVMT, and has never consented to submit to the jurisdiction of the arbitral tribunal. MVMT's attempt to force her into the Arbitration is improper and unlawful.

5. MVMT's effort to hale Ms. Lei into the Arbitration appears calculated to gain tactical leverage over Metaverse by burdening its CEO with individual claims in a foreign forum to which she never agreed.

6. Ms. Lei brings this action to obtain (a) a declaration that no agreement to arbitrate exists between herself and MVMT and (b) a stay and injunction prohibiting MVMT from prosecuting, or seeking to prosecute, any claims against her in the Arbitration.

## PARTIES

7. Plaintiff Lihuimei Lei is a natural person. She is a citizen of the People's Republic of China and is domiciled in Abu Dhabi, United Arab Emirates.

8. Upon information and belief, Defendant MVMT Labs, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 77 Geary Street, San Francisco, CA 94108.

9. Metaverse Technology Company FZE is a Free Zone Establishment formed under the laws of Dubai, United Arab Emirates, with its principal place of business at Office A7, Dubai Digital Park, Dubai Silicon Oasis. Metaverse is not a party to this action.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction under 9 U.S.C. § 203 because this action "falls under" the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the New York Convention"), as implemented by Chapter 2 of the Federal Arbitration

Act ("FAA"), in that it arises out of a commercial arbitration between a United States corporation (MVMT) and a foreign company (Metaverse).

11. This Court also has jurisdiction under 28 U.S.C. § 1332(a)(2) because Ms. Lei is a citizen of a foreign state (the People's Republic of China) domiciled abroad; MVMT is a citizen of a State within the meaning of § 1332(c); and the amount in controversy exceeds $75,000 exclusive of interest and costs. Among other things, MVMT's third-party claims in the Arbitration seek damages in excess of $75,000, and the cost and burden of defending those claims in arbitration would itself exceed $75,000.

12. This Court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201–02 and injunctive relief pursuant to the FAA, the New York Convention, and the All Writs Act, 28 U.S.C. § 1651.

13. Venue is proper in this District under 9 U.S.C. § 204 because the Arbitration is pending in New York County, New York, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action—namely, the initiation and conduct of the Arbitration—has occurred in this District.

## FACTUAL ALLEGATIONS

### The Advisory Agreement and Arbitration Clause

14. On or about May 12, 2024, Metaverse and MVMT entered into the Advisory Agreement pursuant to which Metaverse agreed to provide advisory and fundraising services to MVMT.

15. The Advisory Agreement identifies only Metaverse and MVMT as parties. Ms. Lei is not a party to the Advisory Agreement and did not sign it in her personal capacity. She executed the Advisory Agreement solely as an authorized representative of Metaverse.

16. The Advisory Agreement contains an arbitration clause providing that "[a]ny dispute arising out of or relating to this Agreement shall be finally settled by binding arbitration" conducted under the JAMS Comprehensive Arbitration Rules and Procedures, governed by the Federal Arbitration Act, 9 U.S.C. §§ 1–16, and seated in the State of New York.

17. The Advisory Agreement's arbitration clause does not mention Ms. Lei by name, does not purport to bind Metaverse's officers, directors, or shareholders in their personal capacities, and does not otherwise identify her as an intended arbitration party.

**The JAMS Arbitration Between Metaverse and MVMT**

18. On January 16, 2025, Metaverse commenced the Arbitration against MVMT before JAMS in New York, JAMS Reference No. 5425003221, asserting claims arising out of MVMT's failure to deliver crypto-assets owed under the Advisory Agreement, as amended.

19. In its arbitration demand and subsequent pleadings, Metaverse consistently identified itself and MVMT as the only parties to the Arbitration and to the Advisory Agreement.

20. Ms. Lei has never filed a demand for arbitration against MVMT, has never asserted any claims against MVMT in the Arbitration, and has never agreed to be treated as a party in that proceeding.

21. At all relevant times, Metaverse has conducted its business as a separate legal entity. Metaverse was duly formed under the laws of Dubai, has filed all documentation required by applicable law, and maintains its own registered office and address.

22. As a Free Zone Establishment, Metaverse has limited liability and a legal personality distinct from Ms. Lei.

**<u>MVMT's Answer and Attempt to Join Ms. Lei as a "Third-Party Respondent"</u>**

23. On November 3, 2025, MVMT filed an Answer to Metaverse's amended statement of claim in the Arbitration.

24. In that Answer, MVMT, for the first time, purported to name Ms. Lei as a respondent in the Arbitration and asserted six "third-party claims" against her in her individual capacity, seeking damages in excess of $75,000.

25. MVMT attempted to justify naming Ms. Lei as a respondent on the theory that she is Metaverse's "alter ego." In support of that assertion, MVMT alleged, among other things, that Ms. Lei is Metaverse's founder and CEO, that she signed the Advisory Agreement on Metaverse's behalf, that MVMT allegedly communicated exclusively with her, and that, "on information and belief," she is allegedly the only person who can bind Metaverse.

26. Those allegations, which at most describe routine corporate conduct by a senior executive, do not plausibly allege that Ms. Lei so completely dominated Metaverse that the company lacked a separate will of its own, or that she misused Metaverse's corporate form to perpetrate a fraud or injustice. Under New York law, both elements are required to disregard a corporation's separate legal personality and pierce the corporate veil.

27. MVMT's alter-ego allegations are also factually incorrect. Metaverse has operated as a separate company in its dealings with MVMT, and MVMT knows full well that Ms. Lei is not Metaverse's only employee because it interacted with Gordon Lau, a Metaverse employee.

28. On November 17, 2025, Metaverse filed a response to MVMT's Answer in the Arbitration. Among other things, Metaverse objected to MVMT's naming of Ms. Lei as a "third-

party respondent" and stated that "no arbitration agreement exists between MVMT and Lei, and she therefore cannot be compelled to arbitrate any claims that MVMT may assert."

29. Ms. Lei herself has not filed any response to MVMT's Answer in the Arbitration, has not filed a notice of appearance, and has not otherwise participated in the Arbitration.

30. Despite Metaverse's objection and the absence of any arbitration agreement with Ms. Lei, MVMT continues to press its purported claims against her in the Arbitration and urges the arbitrator to exercise jurisdiction over her. On November 26, 2025, MVMT served broad document requests purportedly directed to Ms. Lei and requested permission to serve interrogatories on Ms. Lei.

**The Absence of Any Arbitration Agreement Between Ms. Lei and MVMT**

31. Ms. Lei has never signed any agreement with MVMT in her personal capacity agreeing to arbitrate any disputes.

32. Ms. Lei has never agreed, orally or in writing, to arbitrate any claims asserted against her by MVMT.

33. Ms. Lei has not authorized Metaverse, JAMS, or the arbitrator to act on her behalf or to bind her personally to any arbitration agreement with MVMT.

34. Because Ms. Lei is a non-signatory whom MVMT is attempting to compel into arbitration, the question whether any arbitration agreement exists between Ms. Lei and MVMT is one for this Court to decide in the first instance, not for the arbitrator.

**Irreparable Harm to Ms. Lei**

35. If MVMT is permitted to proceed against Ms. Lei in the Arbitration, she will be compelled to expend substantial time and resources litigating claims in an arbitral forum to

which she never consented and will lose her right to have any claims against her adjudicated, if at all, in a court of law.

36. Being compelled to arbitrate without having agreed to do so constitutes irreparable harm that cannot be adequately remedied by monetary damages after the fact.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment – 28 U.S.C. § 2201)**

37. Ms. Lei realleges and incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

38. An actual, present, and justiciable controversy exists between Ms. Lei and MVMT concerning whether Ms. Lei is bound by any agreement to arbitrate MVMT's claims against her.

39. Ms. Lei contends that no arbitration agreement exists between herself and MVMT and that she cannot be compelled to arbitrate any claims that MVMT has asserted or may attempt to assert against her in the Arbitration.

40. MVMT contends that it may proceed against Ms. Lei in the Arbitration based on an alleged "alter ego" relationship between her and Metaverse.

41. A declaration of the parties' rights will resolve this controversy and clarify that MVMT may not compel Ms. Lei to arbitrate in the absence of a valid arbitration agreement between them.

42. Accordingly, pursuant to 28 U.S.C. § 2201, Ms. Lei is entitled to a declaration that she is not a party to any arbitration agreement with MVMT and cannot be compelled to arbitrate any claims in the Arbitration.

**SECOND CLAIM FOR RELIEF**
**(Stay and Injunction – Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., New York Convention, and All Writs Act, 28 U.S.C. § 1651)**

43. Ms. Lei realleges and incorporates by reference paragraphs 1 through 42 as if fully set forth herein.

44. No arbitration agreement exists between Ms. Lei and MVMT.

45. Ms. Lei has not participated in the Arbitration, has not asserted any claims in that proceeding, and has not consented to the arbitrator's jurisdiction over her.

46. Because the Arbitration is an international commercial arbitration that falls under the New York Convention, this Court has authority under the FAA and the All Writs Act independently to stay the Arbitration as to Ms. Lei and to enjoin MVMT from pursuing arbitral claims against her in the absence of a valid arbitration agreement.

47. In the absence of injunctive relief, MVMT will continue to attempt to subject Ms. Lei to arbitral proceedings and potential awards in a forum to which she never consented, causing her irreparable harm.

48. The balance of equities favors injunctive relief because MVMT will suffer no cognizable prejudice from being required to litigate any claims against Ms. Lei, if it has any, in a court of competent jurisdiction rather than in the Arbitration.

49. An injunction will serve the public interest by vindicating the fundamental principle that arbitration is a matter of consent, not coercion.

50. Accordingly, Ms. Lei is entitled to an order staying the Arbitration as to her and enjoining MVMT from pursuing, or attempting to pursue, any claims against her in the Arbitration.

**THIRD CLAIM FOR RELIEF**
**(Stay of Arbitration – New York CPLR § 7503(b))**

51. Ms. Lei realleges and incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

52. No arbitration agreement exists between Ms. Lei and MVMT.

53. Ms. Lei has not participated in the Arbitration, has not served or been served with any application to compel arbitration, and has not taken any step that would constitute a waiver of her right to seek a judicial determination of arbitrability.

54. Under CPLR § 7503(b), a party who has not participated in an arbitration and who has not been served with an application to compel arbitration may apply to a New York court for a stay of arbitration on the ground that no valid agreement to arbitrate exists.

55. Because this action is properly before this Court under 9 U.S.C. § 203 and 28 U.S.C. § 1332(a)(2), this Court may grant the same relief that a New York state court could grant under CPLR § 7503(b).

56. Accordingly, Ms. Lei is entitled to a stay of the Arbitration as to her pursuant to CPLR § 7503(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lihuimei Lei respectfully requests judgment as follows:

a. A declaration pursuant to 28 U.S.C. § 2201 that Ms. Lei is not a party to any arbitration agreement with MVMT and cannot be compelled to arbitrate any claims asserted against her in JAMS Reference No. 5425003221 or in any other arbitration arising out of the Advisory Agreement;

b. An order preliminarily and permanently staying the Arbitration as to Ms. Lei and enjoining MVMT from pursuing, or attempting to pursue, any claims against Ms. Lei in the Arbitration;

c. An order preliminarily and permanently enjoining MVMT from taking any steps to compel Ms. Lei to arbitrate any claims arising out of or relating to the Advisory Agreement or the disputes at issue in the Arbitration;

d. An award of Ms. Lei's costs and disbursements of this action; and

e. Such other and further relief as the Court deems just and proper.

Dated: December 5, 2025
New York, New York

MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.

By: _*/s/ Edward M. Spiro*__________
Edward M. Spiro
Peter Menz
565 Fifth Avenue
New York, New York 10017
(212) 856-9600
espiro@maglaw.com
pmenz@maglaw.com

Counsel for Plaintiff Lihuimei Lei