**Crowell**

Crowell & Moring LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/11/2026

**VIA ECF**

The Honorable Victor Marrero
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007
ChambersNYSDMarrero@nysd.uscourts.gov

> **RE:** *Lihuimei Lei v. MVMT Labs, Inc.,* **No. 1:25-cv-10123-VM (S.D.N.Y.) –
> Motion to Seal**

Dear Judge Marrero,

Defendant MVMT Labs, Inc. ("MVMT") submits this uncontested letter motion (the "Motion to Seal") to respectfully request that this Court issue an order allowing the below listed documents (together, the "To-Be-Sealed-Documents") be filed with redactions on the public docket. Plaintiff Lihuimei Lei ("Lei") consents to this request.

- Exhibit A to the Declaration of Mark D. Lee in Support of MVMT's Motion to Dismiss or in the alternative to Stay ("Lee MTD Decl."): Advisory Agreement between MVMT and Metaverse Technology Company – FZE ("Metaverse"), dated May 12, 2024;
- Exhibit C to the Lee MTD Declaration: Metaverse's Motion to File a Second Amended Demand in the Arbitration, filed by Metaverse in the Arbitration on June 19, 2025;
- Exhibit D to the Lee MTD Declaration: Procedural Order No. 7 in the Arbitration, filed on October 15, 2025;
- Exhibit E to the Lee MTD Declaration: Response to Second Amended Demand, Counterclaims, and Third Party Claims, filed by MVMT in the Arbitration on November 3, 2025;
- Exhibit F to the Lee MTD Declaration: Letter dated February 3, 2026, filed by MVMT in the Arbitration;
- Exhibit G to the Lee MTD Declaration: Letter dated February 4, 2026, filed by Metaverse in the Arbitration;
- MVMT's Memorandum of Law in support of its Motion to Dismiss or in the alternative to Stay ("Motion");
- Portions of the Lee MTD Declaration.

In accordance with Standing Order 19-MC-583, Section 6 of the ECF Rules, and Your Honor's Rules of Individual Practice II(H) these documents will be filed under seal via ECF in unredacted form. Also, pursuant to Your Honor's Rules of Individual Practice II(H), Plaintiff Lihuimei Lei should be granted access to the unredacted versions of the proposed filings.



### A. Background

As Your Honor is aware, this Action relates back to a private arbitration that Plaintiff Lihuimei Lei's closely held entity, Metaverse Technology Company – FZE ("Metaverse") initially filed against MVMT in JAMS in New York (the "JAMS Arbitration"). That JAMS Arbitration concerns the Advisory Agreement (Ex. A), which the parties thereto agreed would be confidential. In that JAMS Arbitration, Metaverse filed a second amended demand against MVMT asserting allegations that contain information relating to MVMT's confidential business information and quoting the alleged agreement, which itself was subject to confidentiality provisions (Ex. C). MVMT filed its own counterclaims and claims (Ex. E), which also contains such confidential and sensitive information.  MVMT cites excerpts from these three documents, along with the other To-Be-Sealed documents, in order to establish the record at JAMS, the law of the case at JAMS, and the delegation clause at issue in this case.

Separately, it should be noted that, in the JAMS Arbitration, the parties entered into a protective order (Ex. 1 hereto) (the "Protective Order") in which they agreed that arbitral filings may be designated as "Confidential."  "Confidential Information" also includes "proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients." *Id*. para. 3(a). The Protective Order also states that once designated, Confidential material must be redacted if and when disclosed outside of the Arbitration. *See id.* at para. 6.  As of the submission of this letter, all of the redacted portions of the To-Be-Sealed documents have been designated as "Confidential" in the JAMS Arbitration pursuant to the Protective Order.

Prior to filing this Motion, counsel for MVMT informed, and requested assent from, counsel for both Ms. Lei and Metaverse that MVMT intended to make this request to file the above listed arbitral filings in the JAMS Arbitration, under seal in this Action.  Counsel for both Ms. Lei and Metaverse consented to this request.

### B. Argument

The Court should grant MVMT's Motion to Seal the To-Be-Sealed Documents because the documents reference or cite material the parties agreed is subject to sealing, relate to a private arbitration, or contain material that is competitively sensitive or that the parties agreed by contract should remain confidential.

In evaluating requests to seal documents, courts apply a three-step test (1) determine whether the documents for which confidentiality is requests are "judicial documents"; (2) determine the weight of interest in public access of judicial documents; and (3) balance the competing interests of public access against the party's privacy interests. *Mirlis v. Greer,* 952 F.3d 51, 59 (2d Cir. 2020). Each step of this analysis favors sealing.

#### 1. MVMT Does Not Seek Sealing of Judicial Documents

To constitute a "judicial document" that should be sealed, a document must be "relevant to the performance of the judicial function and useful in the judicial process." *Id.*  In other words, the



documents must be relevant to the Court's resolution of MVMT's Motion to be considered judicial documents.

The redacted/to be sealed portions of the documents at issue here are not judicial documents. They are arbitral filings, or materials relating to those filings, or materials containing or describing confidential business information. MVMT's Motion draws only on narrow excerpts from the To-Be-Sealed-Documents to establish the factual and procedural background of this dispute. As such, they can be properly sealed and redacted. *See Texas Health Mgmt LLC v. HealthSpring Life & Health Ins. Co. LLC,* No. 7:18-cv-4504-VM, (S.D.N.Y. 2018) ECF No. 11 (granting motion to seal where moving party "cite[d] only portions of [the arbitral documents it sought to seal]").

### 2. The Weight of the Presumption of Public Access is Low

Moreover, the weight of the presumption of public access is low for the material to be sealed because those portions will, at best, play only a "negligible role" in the Court's performance of its Article III duties. *U.S. v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995). This Court has held that the weight of the presumption of public access is low where the exhibits are merely "collateral" to the factual and legal issues central to the resolution of the motions at issue. *Oliver Wyman, Inc. v. Eielson,* 282 F.Supp.3d 684, 706 (S.D.N.Y. 2017) (holding that weight of presumption is low with regard to exhibits where information movant sought to redact was "largely collateral to the factual and legal issues central to the resolution of the[] motions"). Because of the *de minimis* roleof the To-Be-Sealed documents on the issues in this Motion—whether there is a valid delegation to the arbitrator—this second factor also favors sealing.

### 3. MVMT's Confidentiality Interests Outweigh Any Minimal Public Interest in Disclosure

The parties' confidentiality interests militate in favor of sealing. This Court has recognized that parties have a compelling competitive interest in maintaining the privacy of confidential business information, and that proprietary business information discussed in private arbitration proceedings should be sealed. *Scott D. Boras Inc. v. Sheffield,* No. 09 Civ. 8369 (SAS), 2009 WL 3444937, at *1 (S.D.N.Y. Oct. 26, 2009) (granting motion to seal arbitration materials that contained discussions of proprietary business matters).

First, the To-Be-Sealed portions of documents contain precisely this type of sensitive material. Specifically, they contain detailed allegations regarding MVMT's confidential marketing and business development methodologies. This includes details about MVMT's key opinion leader ("KOL") marketing strategy, including the nature and scope of KOL engagement services.

Second, the To-Be-Sealed documents were filed in what was intended to be a private proceeding. Courts recognize the strong public interest in protecting the confidentiality of arbitration proceedings. The JAMS Arbitration docket and documents filed in that Arbitration and Orders rendered in that Arbitration are not publicly available. And the status conferences/hearings in that Arbitration are not open to the public. Because the To-Be-Sealed documents include pleadings filed in the confidential JAMS Arbitration or relate to that proceeding, Orders and and other content discussed in private sessions with the Arbitrator, the public filing of their full content



would undermine the confidential nature of that proceeding. *Citadel Sec. Americas LLC v. Portofino Techs. AG,* No. 1:23-cv-5222-GHW, 2024 WL 4650833, at *1 (S.D.N.Y. Oct. 31, 2024) (granting motion to seal where documents at issue had "some relevance" to defendants' motion but "the factors that counsel against disclosure – principally the privacy interests of the parties to an arbitration – outweigh[ed] the public's interest in disclosure of the substance of the arbitration documents"). Indeed, the redacted material in the To-Be-Sealed documents has been designated as Confidential in the Arbitration, further bolstering their private nature and the parties' expectations of non-disclosure.

Third, the contract underlying this dispute had a confidentiality provision relating to the contract and all performance relating thereto. This is yet another reason why information about the contract, the parties' negotiation of the contract, and performance thereunder should be sealed.

***

For the foregoing reasons, MVMT respectfully requests that the Court grant this motion and direct that (1) the unredacted versions of the To-Be-Sealed Documents be filed under seal; and (2) the proposed redacted versions of the To-Be-Sealed Documents be filed on the public docket.

Respectfully submitted,

**Crowell & Moring LLP**

/s/

Mark D. Lee
Anand Sithian
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
malee@crowell.com
asithian@crowell.com
(212) 223-4000

Joanna Rosen Forster (*pro hac vice forthcoming*)
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
(425) 986-2800

**Request GRANTED.**

The Court **GRANTS** the motion and directs that the unredacted versions of the To-Be-Sealed Documents be filed under seal and the proposed redacted versions of the To-Be-Sealed Documents be filed on the public docket.

**SO ORDERED.**

3/11/2026

**DATE**                    VICTOR MARRERO, U.S.D.J.

4